Carhart, J.
The defendant, James B. Triplett, was indicted for violation of G.L.c. 268A, §6A (filing a false report), violation of G.L.c. 268A, §3 (accepting gratuities), violation of G.L.c. 268A, §17 (conflict of interest) and obstruction of justice. The defendant has moved to suppress evidence submitted to the grand jury.
Background
The defendant is an attorney and is the chief of police of the Town of Oxford. In 1993, the State Ethics Commission commenced an investigation into an alleged conflict of interest regarding the defendant’s roles as an attorney and as police chief. The Commission subpoenaed the defendant’s law office files and records, including client files. The defendant voluntarily complied with the subpoena and turned over the materials requested, including the client files. In turn, the Commission furnished the subpoenaed materials to the Attorney General.[2] The Attorney General presented the subpoenaed materials to the grand jury, which subsequently issued indictments against the defendant.
The defendant now moves to suppress the subpoenaed materials and argues that Supreme Judicial Court Rule 3:08, PF 15 prohibits the Commission from releasing materials gathered in its investigation to a prosecutor for use before a grand jury.
Discussion
Supreme Judicial Court Rule 3:08, PF 15 states:
It is unprofessional conduct for a prosecutor to subpoena an attorney to a grand jury without prior judicial approval in circumstances where the prosecutor seeks to compel the attorney/witness to provide evidence concerning a person who was represented by the attorney/witness.
PF 15 governs the conduct of prosecutors and does not govern conduct of the ethics commission. See United States v. Klubock, 832 F.2d 649, 658 (1st Cir. 1987), aff'd by an equally divided court, 832 F.2d 664 (1st Cir. 1987) (“PF 15 is not aimed at grand jury action. It deals solely with prosecutorial conduct in the prosecutor’s capacity as a member of the bar”). Further, PF 15 applies only to subpoenas issued to the target’s attorney requesting evidence concerning the target. See Supreme Judicial Court Rule 3:08, PF 15; United States v. Klubock, supra at 653.
In the instant case, PF 15 does not restrict the Commission from releasing material to the Attorney General. See also G.L.c. 268A, §4. The subpoena in question was not issued by the Attorney General and, even if it were, the subpoena was not directed to the attorney/witness of the client/target of a grand jury proceeding. The target of the Commission’s subpoena was the defendant. The subpoena sought information related to the defendant’s role as an attorney and a police chief, and did not seek specific information regarding a client. Contrary to the defendant’s argument, the intent of PF 15 has not been frustrated as the rule was designed to govern the conduct of prosecutors; no prosecutorial action has been implicated by the Commission’s action. Finally, the defendant voluntarily complied with the subpoena and at no time challenged the lawfulness of the subpoena or raised the issue of attorney-client privilege . At all relevant times, the defendant knew or should have known that the Commission was empowered under G.L.c. 268A, §4 to turn over material that it obtained to the Attorney General’s office.[3]
Order
For the above reasons, it is hereby ORDERED that the defendant’s Motion to Suppress be DENIED.

The Commission acted pursuant to M.G.L.c. 268B, §4(a), which permits the Commission to turn over any information obtained in its investigations to a prosecutor’s office.

Although the law supports this conclusion, I find it troubling that the Commission issued a subpoena calling for “. . . any and all documents in your possession, custody or control relating to your law practice ...” Although I rule that PF 15 does not apply in this case, the propriety of such a subpoena is certainly questionable.